UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHELLY DEE RUIZ,
    Petitioner,
    v.
W. Z. JENKINS, Warden,
    Respondent.

Case No. 18-cv-05426-HSG (PR)

**ORDER OF DISMISSAL**

On September 4, 2018, petitioner, a federal prisoner currently incarcerated at the Federal Correctional Institution in Dublin, California, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. She has paid the $5.00 filing fee.

**BACKGROUND**

According to the petition, petitioner was on pretrial release for state charges in Colorado when arrested by federal authorities on September 14, 2010. On January 21, 2011, she was sentenced in federal court in Wyoming to a prison term of 140 months for conspiracy with intent to distribute methamphetamine. She was later transported to Colorado's Jefferson County courthouse, and on March 7, 2011, received a state sentence of 6 years, followed by 5 years of parole. The Colorado state judge ordered that the sentence was to run concurrent with petitioner's federal sentence.

**DISCUSSION**

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." Review of the manner of execution of a federal sentence is properly brought as a petition under 28 U.S.C. § 2241. *See United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (presentence time credit claim). Section 2241 is also the proper basis for a habeas petition by a state prisoner who is not held "pursuant to the judgment of a State court," 28 U.S.C. §2254, for instance a pre-trial detainee, a prisoner awaiting extradition, or a prisoner whose conviction has been reversed on appeal. *See*

*Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007) (pre-trial double jeopardy challenge); *Stow v. Murashige*, 389 F.3d 880, 885-88 (9th Cir. 2004) (conviction reversed on appeal); *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 554 (9th Cir. 2010) (en banc) (listing "awaiting extradition" and pretrial detention as examples of when § 2241 applies); *McNeely v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (pretrial detainee).

By way of the instant petition, petitioner challenges a sentence detainer letter from the State of Colorado that has caused her to be deemed ineligible for the residential drug abuse program ("RDAP") offered pursuant to 18 U.S.C. § 3621(e). The detainer letter from the State of Colorado asks for petitioner to be returned to Colorado after finishing her federal sentence so that the Colorado Department of Corrections can determine whether she has fully served her Colorado sentence (that was supposed to run concurrently with the federal sentence) and whether she should be released on parole.

In order to encourage prisoners with substance abuse problems to seek treatment, Congress provided that the federal Bureau of Prisons ("BOP") "may" reduce, by up to one year, the sentence of "a prisoner convicted of a nonviolent offense" who successfully completes a RDAP. *See* 18 U.S.C. § 3621(e)(2)(B). Pursuant to these provisions, the BOP offers a 500-hour comprehensive substance abuse treatment program. *See Cort v. Crabtree*, 113 F.3d 1081, 1082 (9th Cir. 1997). Petitioner states that she has completed the 500-hour program but that, because of the detainer letter, she is being denied the four months of halfway house residency required to retain the benefit of the sentence reduction.

Petitioner does not challenge the BOP decision that deemed her to be ineligible for the sentence reduction. Indeed, the Ninth Circuit has upheld the BOP's decision to exclude from sentence reduction under § 3621(e)(2)(B) persons against whom detainers have been lodged. *See McLean v. Crabtree*, 173 F.3d 1176, 1184-6 (9th Cir. 1999). Further, petitioner concedes that she has not made any attempt to exhaust administrative remedies regarding that decision.

Rather, petitioner's claim in this action is that the detainer letter is wrong because (by her calculation) she has fully served the Colorado sentence. Petitioner asks that this Court order the

Colorado Department of Corrections to process her case for sentencing calculation without delay. This Court does not have the authority to take the steps petitioner requests. Specifically, a federal district court lacks authority to direct state courts, state judicial officers, or other state officials in the performance of their duties. *See Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991).

Petitioner's claim concerns the detainer letter from the State of Colorado and must therefore be litigated in Colorado. While a § 2241 petition in this court would be appropriate were petitioner merely challenging the execution of her sentence, she in effect is challenging the legality of a sentence imposed by the Colorado Department of Corrections. *See, e.g., Williamson v. Tews*, 2012 WL 6965765, at *3 (D. Ariz. Nov. 20, 2012), *report and recommendation adopted in part*, 2013 WL 362851 (D. Ariz. Jan. 30, 2013) (where federal prisoner attacked the validity of her potential future confinement by the State of Arizona pursuant to a state detainer, the District Court for the Northern District of California properly converted 28 U.S.C. § 2241 petition into a § 2254 petition and transferred to District of Arizona).

## CONCLUSION

Accordingly, the action is DISMISSED without prejudice to petitioner seeking relief under Colorado state law in her state criminal case or in a civil action filed in Colorado state court. If petitioner has any civil rights claims regarding the issuance of the detainer letter, those can be pursued in a federal civil rights action filed in federal court in the District of Colorado. If petitioner alleges that the detainer violates the constitution or laws of the United States, she can file a habeas petition pursuant to 28 U.S.C. § 2254 in the district of conviction, here the District of Colorado, after exhausting state court remedies.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: 11/7/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

3